PER CURIAM:
Claimant brought this action for vehicle damage which occurred when its 1995 Volvo Toter struck a broken sign post while traveling at the intersection of Lover’s Lane and Walker Road in Follansbee, Brooke County. Lover’s Lane and Walker Road are roads maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 3:40 p.m. on July 28, 2005. Lover’s Lane is a gravel road and Walker Road is a two-lane highway at the area of the incident involved in this claim. Ira Nutter testified that he was delivering a mobile home onto Lover’s Lane. He stated that the only way to get the mobile home to where it was going was to back onto Lover’s Lane from Walker Road. Mr. Nutter testified that as he was backing tire vehicle onto Lover’s Lane, one of the tires struck a broken off sign post that he had not seen. Janice Nutter testified that she had previously called respondent regarding this broken sign post and that grass and weeds had grown up around it so it could not be seen. Claimant’s vehicle struck the broken sign post sustaining damage to a tire totaling $325.00.
The position of the respondent is that it did not have actual or constructive notice of the condition at the intersection of Lover’s Lane and Walker Road at the site of the claimant’s accident for the date in question. Mark Griffith, Acting Superintendent for respondent in Brooke County, testified that if a report of a broken off sign post comes to respondent, they would report it to the sign shop who would replace it. Mr. Griffith also stated that Lover’s Lane is a HARP road and is a low priority road for respondent.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road *129 defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the broken sign post which claimant’s vehicle struck and that the broken sign post presented a hazard to the traveling public and had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to its vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimants in this claim in the amount of $325.00.
Award of $325.00.